UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **GRADY HALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–241** |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** | **SECTION "H"(2)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss and in the Alternative for Summary Judgment (R. Doc. 15).  For the following reasons, the Motion is DENIED.

### BACKGROUND

This is a civil action for the recovery of insurance proceeds under the National Flood Insurance Program ("NFIP"), 42 U.S.C. § 4001 *et seq.*  Plaintiffs maintain a policy of flood insurance with the Federal Emergency Management Agency ("FEMA").  On September 4, 2012, Plaintiffs notified FEMA that their home sustained flood damage as a result of Hurricane Isaac.  An

1

independent adjuster inspected the home and determined that the covered losses were $78,045.35.  Plaintiffs submitted a proof of loss on October 16, 2012 for the approved amount.  FEMA paid the claim in full.

Plaintiffs allege the funds tendered did not cover the full cost of repairs.  Plaintiffs further allege they submitted a supplemental flood claim for $100,415.59, along with a corresponding proof of loss.  FEMA did not pay the claim, and Plaintiffs filed suit.[1]  FEMA now moves for summary judgment, arguing that Plaintiffs never submitted a supplemental proof of loss and that therefore FEMA is not required to pay the supplemental claim.

## LEGAL STANDARD

FEMA moves for dismissal under Rules 12(b)(6) and 56.  Given the reliance by both parties on documents extrinsic to the pleadings, the motion will be treated as one for summary judgment.  *See Qader v. Fed. Emergency Mgmt. Agency*, 543 F. Supp. 2d 558, 560 (E.D. La. 2008).

---

[1] The second amended complaint in this action named the Department of Homeland Security as defendant.  Absent a waiver of sovereign immunity, federal agencies such as the Department of Homeland Security may not be sued *eo nomine*.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The NFIP contains a narrow waiver of sovereign immunity, which allows suits against the Administrator of FEMA upon disallowance of a claim.  42 U.S.C. § 4072.  Accordingly, the Court ordered Plaintiffs to amend their complaint to name the proper party defendant.  Plaintiffs complied with this Order by substituting the Secretary of Homeland Security—Rand Beers.  *See Hower v. Fed. Emergency Mgmt. Agency*, No. 04–2222, 2004 WL 2577503, at *1 n.1 (E.D. Pa. May 20, 2004) (finding Secretary of Department of Homeland Security proper party defendant in action against FEMA).  Subject matter jurisdiction is now proper.  *See Meyer*, 510 U.S. at 475.  For purposes of clarity, the Court refers to Defendant as "FEMA."

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004)

3

(internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."  *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Congress promulgated the NFIP to provide insurance coverage at or below actuarial rates.  *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008).  A policy issued under the NFIP is called a Standard Flood Insurance Policy ("SFIP").  *Id.*  As administrator of the NFIP, FEMA sets the terms and conditions of all SFIPs.  *Id.*  One such condition requires the insured to submit a Proof of Loss ("POL") within 60 days of the loss, subject to any extensions that FEMA has approved.[2]  *Wright v. Allstate Ins. Co.*, 415 F.3d 383, 385 (5th Cir. 2005).  With respect to losses arising from Hurricane Isaac, FEMA has extended the deadline for filing a POL to 240 days.  *Rudolph v. Fed. Emergency Mgmt. Agency*, No. 13–6255, 2014 WL 295154, at *3 (E.D. La. Jan. 27, 2014).  Thus, Hurriance Isaac claimants had until April 28, 2013 to submit a POL

---

[2] This requirement applies to both initial and supplemental claims.  *Fowl, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, No. 12–283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013).

4

to FEMA.[3] *Id.*

FEMA alleges it never received a supplemental POL and that therefore it is not obligated to pay Plaintiffs' supplemental claim. Plaintiffs have submitted evidence tending to establish that a POL was timely submitted to FEMA. This genuine issue of material fact precludes the entry of summary judgment.

## CONCLUSION

For the reasons previously stated, the Motion is DENIED.

New Orleans, Louisiana, this 22nd day of May, 2014.

_____
JANE TRICHE MILAZZO
**UNITED   STATES   DISTRICT   JUDGE**

---

[3] FEMA contends the deadline is April 29, 2013. The Court need not resolve this issue for purposes of the instant Motion.